**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

AUGUSTIN F. GRANADO,

            Plaintiff,

vs.                                                      No. CV 19-00119 KWR/GJF

STATE OF NEW MEXICO, et al.,

            Defendants.

**MEMORANDUM OPINION AND ORDER**

        THIS MATTER is before the Court on the Amended Complaint for Violation of Civil

Rights filed by Plaintiff Augustin F. Granado on October 24, 2019 ("Amended Complaint").  (Doc.

44).  The Court will dismiss the Amended Complaint for failure to state a claim on which relief

can be granted and as barred under the *Heck* doctrine and the applicable statute of limitations.   The

Court will also deny leave to amend, as futile, and will impose a "strike" under 28 U.SC. § 1915(g).

**FACTUAL AND PROCEDURAL BACKGROUND**

        On September 24, 2019, the Court struck Plaintiff Granado's Complaint and other,

voluminous, filings on the grounds that Plaintiff failed to provide a short, plain statement of the

case in violation of the Rules of Civil Procedure.  (Doc. 35).  The Court also granted Plaintiff

Granado leave to file an amended complaint that complied with the requirements of the Rules.

(Doc. 35 at 2).  In response to the Court's Order, on October 15, 2019, Plaintiff Granado filed a

Motion to Remove All Plaintiffs Except Augustin Granado (Doc. 37), a Pro Se Motion to or for

Objection's to Courts "Order" to "Strike" all Pleadings and Motions (Doc. 38), and a motion

seeking stay and abeyance of all further proceedings in the case.  (Doc. 39).  Granado then filed

the Amended Complaint on October 24, 2019.  (Doc. 44).

Plaintiff Augustin F. Granado Jr. ("Little Augie") was charged with Capital Murder in January of 1998. (Doc. 44 at 2, 16). He pled guilty to murder, unlawful taking of a motor vehicle, tampering with evidence, false imprisonment, and first degree criminal sexual penetration (great bodily harm/great mental anguish). He was sentenced to life imprisonment, avoiding the death penalty prosecution. *See State v. Granado,* No. D-809-CR-1998-00017.[1] Granado has filed five civil rights cases in this Court, including this case. *See Granado v. Addus Healthcare,* No. CV 05-00021 JCH/LFG; *Granado v. LNU,* No. CV 16-00859 KG/SCY; *Granado, et al., v. Roark,* No. CV 18-00980 JB/KBM; *Granado v Gay,* No. CV 19-00096 JCH/JFR.

Granado's Amended Complaint names, as Defendants, the State of New Mexico, "Mr's. Vigil PNM Warden", "New Mexico Public Defender's Office's & attorneys", and Public Defenders and criminal defense attorneys Joe Shattuck, Greg Worley, Anna Aragon, Casey Erwin, and Liane Kerr (Doc. 44 at 1-4). He sues all Defendants in both individual and official capacities. (Doc. 44 at 5). He asserts "[v]erifiable constitutional right's violation's and claim's and ineffective assistance of counsel claim's" arising out of his state criminal prosecution in D-809-CR-1998-00017. (Doc. 44 at 6). He specifically alleges ineffective assistance of counsel claims against Defendants Worley and Shattuck acting as death penalty counsel, and Defendants Aragon and Kerr acting as appellate and habeas counsel, asserting that they failed to discover facts that would have

---

[1] The Court has reviewed the official record in Granado's state court proceedings through the New Mexico Supreme Court's Secured Online Public Access (SOPA) and takes judicial notice of the official New Mexico court records. *United States v. Ahidley,* 486 F.3d 1184, 1192 n. 5 (10th Cir.2007) (The Court may take judicial notice of publicly filed records in this court and other courts concerning matters that bear directly upon the disposition of the case at hand); *Shoulders v. Dinwiddie,* 2006 WL 2792671 (W.D.Okla.2006) (court may take judicial notice of state court records available on the world wide web including docket sheets in district courts); *Stack v. McCotter,* 2003 WL 22422416 (10th Cir.2003) (unpublished opinion) (finding state district court's docket sheet is an official court record subject to judicial notice under Fed.R. Evid. 201).

affected the outcome, failed to suppress evidence, and failed to advocate.  (Doc. 44 at 11-19, 25-35).  He seeks $15 million in damages, his freedom, and medical care and medicines for mental health injuries for the rest of his life.  (Doc. 44 at 15).

## PLAINTIFF FAILS TO STATE A § 1983 CLAIM FOR RELIEF

### I.  The Law Regarding Dismissal for Failure to State a Claim

Plaintiff Granado is proceeding pro se and *in forma pauperis*. (Doc. 35 at 2).  The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading.   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief.  *Id.*

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(ii). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  *See also Hall v. Bellmon*, 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a

court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton*, 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

## II.  Public Defenders Do Not Act Under Color of State Law:

Plaintiff Granado asserts claims against several public defenders who acted as defense counsel for Plaintiff in his state criminal proceedings. (Doc. 44 at 2, 11-35). Section 1983 states:

> "Every person who, ***under color of any statue, ordinance, regulation, custom, or usage, of any State, Territory or the District of Columbia,*** subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

42 U.S.C. § 1983 (emphasis added). The U.S. Supreme Court has held that public defenders cannot be sued under § 1983 because they do not act under color of state law. *See, Polk County. v. Dodson,* 454 U.S. 312, 315, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Polk,* 454 U.S. at 325. The Complaint makes no allegations against

4

Defendants Worley, Shattuck, Aragon, and Kerr other than that they were performing a lawyer's traditional functions as counsel to Granado in the state criminal proceeding. (Doc. 44 at 11-35). Because Granado's claims are all based on allegations regarding the functions of counsel in his criminal case, Defendants Worley, Shattuck, Aragon, and Kerr are not state actors and the complaint against them fails to state a § 1983 claim for relief.  *Polk,* 454 U.S. at 325.

### III.  The State Not A Person for Purposes of § 1983

The Amended Complaint names the State of New Mexico, the New Mexico Public Defender Department, and Penitentiary of New Mexico Warden Vigil in her official capacity. (Doc 44 at 1-2). The State is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, there is no remedy against the State under § 1983.  *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 63-64 (1989).  Section 1983 is a "remedial vehicle for raising claims based on the violation of constitutional rights." *Brown v.Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016) (quotation marks omitted). It  does not abrogate the states' sovereign immunity and neither the states nor their agencies qualify as "persons" under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. at 67, 71; *Wood v. Milyard*, 414 F. App'x 103, 105 (10th Cir. 2011) (unpublished).

Further, the New Mexico Public Defender Department is a state agency and Warden Vigil is warden of a state correctional facility.  As such, the claims against it are claims against the State of New Mexico, as are the claims against Warden Vigil in her official capacity. Therefore, the claims against the State of New Mexico, the Public Defender Department, and Warden Vigil in her official capacity will be dismissed. *Will v. Michigan Dep't of State Police,* 491 U.S. at 63-64.

### IV.  Plaintiff Does Not Allege Individual Action by Warden Vigil

Plaintiff Granado also names Warden Vigil as a Defendant in her individual capacity. (Doc. 44 at 5). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). Nor do generalized statements that defendants caused the deprivation of a constitutional right, without plausible supporting factual allegations, state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50.

In this case, Plaintiff Granado does not allege any personal involvement by Warden Vigil in any constitutional violation. Plaintiff does not claim that Warden Vigil, through her own individual actions, violated the Constitution. Other than naming Vigil as a Defendant and stating that he is suing her in her official and individual capacities, Granado does not make any factual

allegations against Warden Vigil.  (Doc. 44 at 2, 5).  The Complaint fails to state any claim for relief against Warden Vigil in her individual capacity. *Ashcroft v. Iqbal,* 556 U.S. at 676.

## V.  Plaintiff's Claims are Barred by Heck v. Humphry

In *Heck v. Humphry,* 512 U.S. 477, 487 (1994), the Supreme Court addressed the question of when a prisoner may bring a § 1983 claim relating to his conviction or sentence. The Court held that when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed. *Heck,* 512 U.S. at 487. Similarly, although in some circumstances a prospective injunction may be available under § 1983, to the extent a request for declaratory or injunctive relief would necessarily invalidate the prisoner's conviction or sentence, declaratory and injunctive relief are also barred by the *Heck* doctrine. *Wilkinson v. Dotson,* 544 U.S. 74, 80-81 (2005). *See also Edwards v. Balisok,* 520 U.S. 641 (1997).

Granado's prayer for relief specifically asks the Court to grant him freedom from incarceration and award him damages for his imprisonment. (Doc. 44 at 15).  Granado's request for relief clearly necessitates the invalidation of his conviction and sentence.  Because a favorable ruling on Granado's claims would require treating his sentence in New Mexico cause no. D-809-CR-1998-00017 as invalid, the civil rights claims in the Complaint must be dismissed under the *Heck* doctrine. *See, Beck v. City of Muskogee Police Dept.,* 195 F.3d 553, 556–57 (10th Cir.1999). The claims against all Defendants are barred by *Heck* and, therefore, fail to state a claim upon which relief can be granted under Rule 12(b)(6).

## VI.  Plaintiff's Claims are Barred by the § 1983 Statute of Limitations

Civil rights claims arising in New Mexico under § 1983 are governed by the three-year personal injury statute of limitations contained in N.M.Stat.Ann. § 37-1-8 (1978). *Varnell v.*

*Dora Consol. Sch. Dist.,* 756 F.3d 1208, 1212 (10th Cir. 2014).  A civil rights claim accrues when the plaintiff knew or should have known of the injury and its unconstitutional cause.  *Varnell,* 756 F.3d at1216.  The extent of the injury is irrelevant to the analysis and, instead, the statute of limitations commences as soon as the plaintiff has been apprised of the general nature of the injury.  *Wallace v. Kato,* 549 U.S. 384, 391 (2007); *Harvey v. United States,* 685 F.3d 939, 949 (10th Cir. 2012).  The applicable statute of limitations for Granado's claims under § 1983 is the three-year statute of limitations of § 37-1-8.

Plaintiff Granado asserts claims against his counsel arising out of his 1998 criminal prosecution.  (Doc. 44 at 16-35).  The latest act alleged in the Amended Complaint is a 2002 representation by Defendant Kerr in Plaintiff's state habeas corpus proceedings.  (Doc. 44 at 30-33).[2]  Plaintiff did not file this case until 2019, over 20 years after his initial prosecution and 7 years after his habeas corpus case.  All of Plaintiff Granado's claims are barred by the three-year statute of limitations governing § 1983 claims. *Varnell,* 756 F.3d at1216.

## THE COURT WILL NOT GRANT LEAVE TO AMEND

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint.  Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings.  *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile.  *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would

---

[2] Plaintiff Granado alleges that, in 2015 or 2016, the Public Defender Department "admitted" on TV that it "cannot adequately defend anyone."  (Doc. 44 at 34).  However, Granado does not indicate how this supposed admission could be linked to his criminal defense occurring almost 20 years earlier.  Further, even these dates occurred more than three years prior to filing of his lawsuit.

also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d at 901.

The Court will dismiss Granado's Complaint without leave to amend because the Court determines that amendment of the Complaint would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. Any amendment to Granado's claims would still be barred under the *Heck* doctrine and by the statute of limitations, and would be subject to immediate dismissal.  Therefore, the Court will dismiss without leave to amend.  *Bradley v. Val-Mejias,* 379 F.3d at 901.

## THE COURT WILL IMPOSE A "STRIKE" UNDER THE PLRA

When it enacted the *in forma pauperis* statute, Congress recognized that a citizen should not be denied an opportunity to commence a civil action in any court of the United States solely because he is unable to pay or secure the costs. *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 342 (1948).  However, Congress also recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.  *Neitzke v. Williams,* 490 U.S. at 324. Noting that prisoner suits represent a disproportionate share of federal filings, Congress enacted a variety of reforms designed to filter out deficient claims.  *Jones v. Bock,* 549 U.S. 199, 202-204 (2007).

Those reforms include the three-strike rule of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). The three-strike rule of § 1915(g) states:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Because the Court concludes that Granado's Amended Complaint in this case fails to state a claim for relief under § 1915(e)(2)(B), the Court will impose a strike against him under the PLRA § 1915(g).  Granado is notified that if he accrues three strikes, he may not proceed *in forma pauperis* in any future civil actions before federal courts unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

## PENDING MOTIONS

Also pending before the Court are Plaintiff Granado's Motion to Remove All Plaintiffs Except Augustin Granado (Doc. 37), Pro Se Motion to or for Objection's to Court's "Order" to "Strike" all Pleadings and Motions (Doc. 38), motion seeking stay & abeyance (Doc. 39), Pro Se Motion for "Service" (Doc. 45), Pro Se Motion to Have the Clerk of the Court "electronically Serve" all Defendants (Doc. 50), Pro Se Motion for Subpoena for Production or Inspection (Doc. 51), and motion to "Require Appointment of Counsel in North Carolina (Doc. 53).  The Court denies all pending motions.

The Court will deny Plaintiff's Motion to Remove All Plaintiffs Except Augustin Granado (Doc. 37) as moot. The Court previously notified Granado that he cannot represent other Plaintiffs and struck all other claims.  (Doc. 35).  The Court will also deny Granado's Pro Se Motion to or for Objection's to Court's "Order" to "Strike" all Pleadings and Motions (Doc. 38) and will overrule any objections to the Court's September 24, 2019 Memorandum Opinion and Order. Granado's Motion and Objections do not address the Court's concerns set out in the Memorandum Opinion and Order and were rendered moot by Granado's filing of his Amended Complaint.

The Court will also deny Plaintiff Granado's motion seeking stay & abeyance (Doc. 39). Granado does not present any basis for a stay of proceedings or for abeyance by this Court.  Last, the Court will deny Granado's Pro Se Motion for "Service" (Doc. 45), Pro Se Motion to Have the

Clerk of the Court "electronically Serve" all Defendants (Doc. 50), Pro Se Motion for Subpoena for Production or Inspection (Doc. 51), and motion to "Require Appointment of Counsel in North Carolina (Doc. 53) as moot in light of the Court's dismissal of the case.

**IT IS ORDERED:**

(1) Plaintiff Granado's Motion to Remove All Plaintiffs Except Augustin Granado (Doc. 37), Pro Se Motion to or for Objection's to Court's "Order" to "Strike" all Pleadings and Motions (Doc. 38), motion seeking stay & abeyance (Doc. 39), Pro Se Motion for "Service" (Doc. 45), Pro Se Motion to Have the Clerk of the Court "electronically Serve" all Defendants (Doc. 50), Pro Se Motion for Subpoena for Production or Inspection (Doc. 51), and motion to "Require Appointment of Counsel in North Carolina (Doc. 53) are **DENIED**;

(2)  the Amended Complaint for Violation of Civil Rights filed by Plaintiff, Augustin F. Granado Jr. (Doc. 44) is **DISMISSED** with prejudice under 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e), and Fed. R. Civ. P. 12(b)(6); and

(3) a **STRIKE** is imposed against Plaintiff Augustin F. Granado Jr. under the PLRA, 28 U.S.C. § 1915(g).

KEA W. RIGGS
UNITED STATES DISTRICT JUDGE